IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN H. DOMINGUEZ,

        Plaintiff,                    No. CIV S-07-1954 GEB KJM P

   vs.

TOM CAREY, Warden, et al.,

        Defendants.           <u>ORDER</u>

_____/

       Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On December 13, 2007, the court dismissed his complaint but gave him leave to file an amended complaint. On January 22, 2008, plaintiff filed a request for an extension of time and on January 24, 2008, filed his amended complaint. It will be deemed timely.

       As previously noted, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007). A complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197 (2007). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

As he did in his original complaint, plaintiff seeks damages as a result of prison officials' alleged failure to protect him from a concerted attack by other inmates which left him seriously injured. However, as he did in his original complaint, plaintiff has failed to show that prison officials were aware of, and then ignored, the danger to him from the other inmates. A prison official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

Farmer v. Brennan, 511 U.S. 825, 837 (1994) (internal quotations omitted).  Plaintiff names as defendants officials who found him after the attack, as well as the prison warden; he says nothing about what, if anything, these people knew before the stabbing.  He will be given one more opportunity to file an amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 22, 2008 request for an extension of time (docket no. 9) is granted and the amended complaint filed January 24, 2008 is deemed timely.

1         2.  Plaintiff's amended complaint (docket no. 10) is dismissed;

2         3.  Plaintiff is granted thirty days from the date of service of this order to file a
3  second amended complaint that complies with the requirements of the Civil Rights Act, the
4  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended
5  complaint must bear the docket number assigned this case and must be labeled "Second
6  Amended Complaint"; plaintiff must file an original and two copies of the second amended
7  complaint; failure to file a second amended complaint in accordance with this order will result in
8  a recommendation that this action be dismissed; and

9         4.  The Clerk of the Court is directed to send plaintiff the form for a civil rights
10 action by a prisoner.

DATED: February 4, 2008

_____
U.S. MAGISTRATE JUDGE

2/mp
domi1954.36