1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN H. DOMINGUEZ,

        Plaintiff,                  No. CIV S-07-1954 GEB KJM P

    vs.

TOM CAREY, Warden, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed February 4, 2008, plaintiff's first amended complaint was dismissed with leave to file a second amended complaint.  Plaintiff has now filed a second amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964-65 (2007). A complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197 (2007). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

As he did in his earlier complaints, plaintiff makes conclusory allegations that prison officials had "actual knowledge of the specific risk of harm to plaintiff," but provides no factual underpinning for the claims. These allegations fail to provide "enough factual matter" to suggest that defendants were aware that plaintiff was in danger, either from the particular assailant or from southern Hispanic gang members generally. Bell Atlantic Corp., 127 S.Ct. at 1965. The complaint contains no factual allegations that plaintiff had reported his fears of attack to the defendants or that plaintiff was a member of a group targeted by southern Hispanic gang members, for example. He will be given one final opportunity to amend his complaint.

1    Plaintiff should not include his assailant, Rick Rivera, as a defendant in any
2 amended complaint. A civil rights action may be brought against a person who acted under color
3 of state law; a person has "no right to be free from the infliction of such harm by private actors."
4 <u>Van Ort v. Estate of Stanewich</u>, 92 F.3d 831, 835 (9th Cir. 1996).
5    Plaintiff is informed again that the court cannot refer to a prior pleading in order
6 to make plaintiff's third amended complaint complete. Local Rule 15-220 requires that an
7 amended complaint be complete in itself without reference to any prior pleading. This is
8 because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v.</u>
9 <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the
10 original pleading no longer serves any function in the case. Therefore, in a third amended
11 complaint, as in an original complaint, each claim and the involvement of each defendant must
12 be sufficiently alleged.
13    In accordance with the above, IT IS HEREBY ORDERED that:
14    1. Plaintiff's second amended complaint is dismissed;
15    2. Plaintiff is granted thirty days from the date of service of this order to file a
16 third amended complaint that complies with the requirements of the Civil Rights Act, the Federal
17 Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must
18 bear the docket number assigned this case and must be labeled "Third Amended Complaint";
19 plaintiff must file an original and two copies of the third amended complaint; failure to file a
20 third amended complaint in accordance with this order will result in a recommendation that this
21 action be dismissed; and
22    3. The Clerk of the Court is directed to send plaintiff a form for a civil rights
23 action by a prisoner.
24 DATED: May 22, 2008.
25
26 2/domi1954.14

_____
U.S. MAGISTRATE JUDGE

3